FILED
JAMES BONINI
CLERK

2008 OCT 20 PM 4: 11

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SAMUEL A. CAMPBELL<br>11 Dunnington Ct.<br>Springboro, Ohio 45066 | * | CASE NO.: 1:08CV737 |
| | * | JUDGE: Judge Dlott<br>Magistrate Judge Black |
| Plaintiff, | * | |
| | * | **COMPLAINT WITH JURY**<br>**DEMAND ENDORSED HEREON** |
| vs. | * | |
| THE CITY OF SPRINGBORO, OHIO<br>by and through its City Manager,<br>CHRISTINE THOMPSON, who is also sued<br>individually and in her official capacity<br>320 W. Central Ave.<br>Springboro, OH  45066 | * | |
| and | * | |
| JEFFREY KRUITHOFF, Individually and in his<br>Capacity As Chief of Police<br>of the City of Springboro, Ohio<br>320 W. Central Ave.<br>Springboro, OH  45066 | * | |
| and | * | |
| NICK CLARK, Individually and in his<br>Capacity as Police Officer for the City of<br>Springboro, Ohio<br>320 W. Central Ave.<br>Springboro, OH  45066 | * | |
| and | * | |
| ANY AND ALL OTHER JANE AND/OR JOHN<br>DOES, Whose Identities are not yet known but<br>shall be ascertained through discovery | * | |
| Defendants. | | |

**BRANNON**
& ASSOCIATES • 130 West Second Street  Suite 900 • Dayton, Ohio 45402-1590

1

## JURISDICTION

1. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States, specifically 42 U.S.C. Section 1983, pursuant to 28 U.S.C. Section 1331.

2. This Court has supplemental jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the State of Ohio pursuant to 28 U.S.C. Section 1367, because these claims are so related to claims in the action within the original jurisdiction of this Court, as stated above, that they form part of the same case or controversy.

## VENUE

3. Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(1), because, upon information and belief, one or more of the named Defendants reside within the Judicial District and all Defendants reside within the State of Ohio.

4. Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

## PARTIES

5. Plaintiff, Samuel A. Campbell, at all times relevant herein, was and is a resident of Springboro, Warren County, Ohio.

6. Defendant, CITY OF SPRINGBORO (hereinafter "Springboro"), Warren County, Ohio is a municipal corporation and governmental subdivision of the State of Ohio of which the Springboro Police Department are parts thereof.

7. At all times relevant to the matters plead herein, Defendant, Christine Thompson, (hereinafter "Manager") was an employee, servant, agent, representative and City Manager of Springboro.

8. At all times relevant to the matters plead herein, Defendant, Jeffrey Kruithoff (hereinafter "Kruithoff"), was an employee, servant, agent, representative, and Chief of Police of the Springboro Police Department, a department of the municipal corporation of Springboro, Ohio.

9. At all times relevant to the matters plead herein, Defendant, Nick Clark (hereinafter "Clark") were duly appointed police officers with the Springboro Police Department. Defendant Clark is being sued individually and in his capacity as police officers for Springboro.

10. At all times relevant to the matters plead herein, the Defendants JANE OR JOHN DOES are those parties whose improper actions adversely affected the Plaintiff's, but who cannot be readily identified and whose names will be made known as their identities become known through discovery.

## FACTS

11. In the late evening hours of October 21, 2007, neighbors living on North Street in Springboro, Ohio telephoned the Springboro Police Department concerning a possible domestic situation and/or burglary.

12. Springboro Police officers, including Defendant Clark, were dispatched to 145 N. Street, Springboro, Ohio where the Plaintiff's girlfriend, Lisa Parker, was sleeping.

13. Defendant Officers were not able to awake the Plaintiff's girlfriend to discuss any possible situation with her.

14. The Plaintiff had been inadvertently locked out of his girlfriends house at 145 N. Street, Springboro, Ohio and had left the home prior to the arrival of the Springboro Police officers.

15. Springboro Officers then began a search of the neighborhood in an attempt to locate any person of possible interest.

16. Defendant Clark was searching the neighborhood with the aid and assistance of his K-9, "Spike".

17. Defendant Clark, utilizing his K-9, located the Plaintiff lying next to a shed in the rear yard of a nearby home and deliberately ordered his police dog to attack and continue to attack the Plaintiff at a time when he did not pose any physical threat.

18. Pursuant to the orders of Defendant Clark, K-9 Spike bit the Plaintiff multiple times on his legs.

19. As a direct and proximate result of the aforesaid bites, the Plaintiff sustained severe and permanent injuries to his leg, as well as other parts of his body, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of his injuries he shall continue to suffer extreme pain and anguish into the future.

20. As a direct and proximate result of the aforesaid bites, the Plaintiff has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

21. As a direct and proximate result of the aforesaid bites, the Plaintiff has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

22. As a direct and proximate result of the aforesaid bites, the Plaintiff has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

23. Plaintiff was taken to Kettering Medical Center at Sycamore where he received in excess of 50 stitches to his legs.

24. Defendants knew or should have known that this K-9, Spike and Defendant Clark had a propensity to cause severe harm and on prior occasions have caused severe dog bite injuries far in excess of any that may be reasonably acceptable when utilizing a police canine.

25. On the night in question, the Defendants jointly and severally undertook to administer punishment and assaulted Plaintiff, contrary to his federal and state constitutional rights.

26. The Defendants, jointly and/or severally, acted maliciously, willfully, wantonly, and in reckless disregard and/or acting with deliberate indifference to Plaintiff' serious medical condition, his safety, life and constitutional rights.

27. As a direct and proximate result of the above described unlawful and malicious acts of the Defendants, jointly and/or severally, all committed under color of their authority while acting in capacity as City Employees, and in conformity with the policies or lack of policies of the City, Plaintiff suffered great bodily harm and emotional trauma, pain, injury and suffering, in violation of his rights provided by Ohio law.

28. As a direct and proximate result of the above described acts, Plaintiff was deprived of his rights and immunities secured to him under the laws of the State of Ohio, including but not limited to his right to due process, against excessive force, to be secure in his person, to be free from cruel and unusual punishment without due process and equal protection of the law.

29. The failure of Defendants City of Springboro, City Manager, Police Chief, their agents, representative and/or employees, to implement appropriate policies and procedures, communicate lawful policies and procedures, training, education, and appropriate supervision in the use of police canines amounts to gross negligence and a deliberate indifference to the safety and citizens of Springboro, Ohio which gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff, providing or directly liability against the City, jointly and severally, for compensatory and punitive damages.

## FIRST CAUSE OF ACTION
### (Unnecessary, Excessive Use of Force/Cruel and Unusual Punishment, Violation of Civil Rights under 42 U.S.C. §1983)

30. Plaintiff incorporates the previous paragraphs of this Amended Complaint as if fully rewritten herein.

31. The acts of the Defendant Clark in restraining Plaintiff and ordering his K-9 to attack, constituted an excessive use of force, an unreasonable seizure and deprived Plaintiff of his right to be free from an unlawful seizure and his right to life as guaranteed by Ohio Constitution, Federal Constitution, Federal law and Ohio law.

32. In the alternative, the Defendants' alleged statement of facts is untrue, in whole or in part, and constitutes a pretextual misrepresentation of unnecessary use of force and cover-up.

33. The acts of ordering the K-9 to attack and continue to attack the Plaintiff all constitute excessive force.

34. These acts and/or omissions by the Defendant Clark proximately caused the Plaintiff to suffer the physical and psychological injuries plead herein.

35. The acts and/or omissions of the Defendants as plead herein were legally malicious and proximately resulted in the severe injury of Plaintiff.

36. Plaintiff is entitled to recovery for Defendants' violations of Samuel A. Campbells' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
### (Failure to Protect – Defendant Officers, Violation of Civil Rights under 42 U.S.C. §1983)

37. Plaintiff incorporates the previous paragraphs of this Amended Complaint as if fully rewritten herein.

38. The acts of the Defendant Clark in failing to protect Plaintiff from his K-9 after the initial attack created a substantial risk of death or great bodily harm and deprived Plaintiff of his right to be free from illegal seizure and his right to life in violation of the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

39. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

40. Plaintiff is entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
### (Policy, Practice, and Custom Claims Against the City of Riverside, Ohio, Violation of Civil Rights under 42 U.S.C. §1983)

41. Plaintiff incorporates the previous paragraphs of this Amended Complaint as if fully rewritten herein.

42. The actions of the Defendant Clark, as alleged above, were done pursuant to one or more de facto policies, practices and/or customs of the City of Springboro, Ohio and/or the Springboro Police Department.

43. The lack of adequate policies, personnel, failure to train, and failure to supervise was particularly called to the attention of all Defendants in prior meetings and reports, and he had particularly stated a need due to multiple severe injuries inflicted by this particular K-9.

44. As a direct and proximate result of these policies, Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, were violated and Defendants are liable for his injuries and damages.

45. Plaintiff is entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## FOURTH CAUSE OF ACTION
### *(Assault and Battery)*

46. Plaintiff incorporates each and every paragraph herein as if fully rewritten.

76. Defendant Clark committed multiple acts of assault and battery against the Plaintiff.

77. Defendants acted with substantial certainty and intent that their acts would bring about a harmful or offensive contact with the Plaintiff by and through, included but not limited to, aggressive use of a K-9.

78. Defendants committed with intent, a harmful and/or offensive contact with Plaintiff by and through, included but nor limited to multiple serious dog bites.

79. As a direct and proximate result of the assault and battery Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### (Assault and Battery, Violation of Civil Rights under 42 U.S.C. §1983)

47. Plaintiff incorporates the previous paragraphs of this Amended Complaint as if fully rewritten herein.

48. The actions of Defendant Clark were done willfully and wantonly and/or in reckless disregard for his safety and life, without Plaintiffs' consent, and consisted of assaults and batteries, as well as torture and directly and proximately caused Plaintiff's injuries and the damages to Plaintiff as plead herein.

49. Defendant Officers' actions in assaulting and battering Plaintiff violated Plaintiffs' rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

50. Plaintiff is entitled to recovery for Defendants' violations of Kevin Cabaniss' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

### STATEMENT OF INCORPORATION

51. All facts in all causes of action are reincorporated in all other causes of action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

A. Plaintiff demands compensatory damages in an amount to exceed $25,000.00;

B. Plaintiff demands punitive damages in an amount to exceed $25,000.00;

C. Plaintiff demands funeral expenses in the amount expended;

D. Plaintiff demands prejudgment and post judgment interest at the statutory rate;

E. Plaintiff demands her costs of their action to include reasonable attorney fees;

F. Plaintiff demands such other and further relief to which she may be entitled at equity or law; and

G. Plaintiff demands that appropriate injunctive, declaratory, and mandamus relief be granted by the Court to require the Defendants to perform their duties in a lawful manner so as to prevent any future harm as was inflicted upon Cabaniss, from occurring to other citizens in the future, as such injury is substantially certain to occur without said additional extraordinary relief.

Respectfully submitted,

*[signature]*

Douglas D. Brannon (0076603)
BRANNON & ASSOCIATES
130 W. Second St.  Suite 900
Dayton, OH 45402
Telephone: (937) 228-2306
Facsimile: (937) 228-8475
E-Mail: dbrannon@branlaw.com

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all issues presented herein.

*[signature]*

Douglas D. Brannon

8