# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **SAMUEL A. CAMPBELL** | * | **CASE NO. : 1:08cv737** |
| 11 Dunnington Ct. | | |
| Springboro, Ohio 45066 | * | **Chief Judge Susan J. Dlott** |
| | | |
| and | * | |
| | | |
| **CHELSIE GEMPERLINE** | * | |
| 3159 Woodford Rd. | | |
| Cincinnati, Ohio 45213 | * | |
| | | |
| Plaintiffs, | * | **PLAINTIFF'S SECOND AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| | * | |
| vs. | | |
| | * | |
| **THE CITY OF SPRINGBORO, OHIO** | | |
| by and through its City Manager, | * | |
| **CHRISTINE THOMPSON**, who is also sued | | |
| individually and in her official capacity | * | |
| 320 W. Central Ave. | | |
| Springboro, OH  45066 | | |
| | * | |
| and | | |
| | * | |
| **JEFFREY KRUITHOFF**, Individually and in his | | |
| Capacity As Chief of Police | * | |
| of the City of Springboro, Ohio | | |
| 320 W. Central Ave. | * | |
| Springboro, OH  45066 | | |
| | * | |
| and | | |
| | * | |
| **NICK CLARK**, Individually and in his | | |
| Capacity as Police Officer for the City of | * | |
| Springboro, Ohio | | |
| 320 W. Central Ave. | * | |
| Springboro, OH  45066 | | |
| | * | |
| and | | |
| | * | |

1

**ANY AND ALL OTHER JANE AND/OR JOHN
DOES, Whose Identities are not yet known but      *
shall be ascertained through discovery**
                                                                        *
         **Defendants.**
_____

## JURISDICTION

1. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States, specifically 42 U.S.C. Section 1983, pursuant to 28 U.S.C. Section 1331.

2. This Court has supplemental jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the State of Ohio pursuant to 28 U.S.C. Section 1367, because these claims are so related to claims in the action within the original jurisdiction of this Court, as stated above, that they form part of the same case or controversy.

## VENUE

3. Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(1), because, upon information and belief, one or more of the named Defendants reside within the Judicial District and all Defendants reside within the State of Ohio.

4. Plaintiff's claims may be brought in this Court pursuant to 28 U.S.C. Section 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

## PARTIES

5. Plaintiff, Samuel A. Campbell, at all times relevant herein, was and is a resident of Springboro, Warren County, Ohio.

6. Plaintiff Chelsie Gemperline, at all times relevant herein, was and is a resident of Springboro, Warren County, Ohio.

7. Defendant, City of Springboro (hereinafter "Springboro" and/or "City"), Warren County, Ohio is a municipal corporation and governmental subdivision of the State of Ohio of which the Springboro Police Department are parts thereof.

8. At all times relevant to the matters plead herein, Defendant, Christine Thompson, (hereinafter "Manager") was an employee, servant, agent, representative and City Manager of Springboro.

9. At all times relevant to the matters plead herein, Defendant, Jeffrey Kruithoff (hereinafter "Kruithoff"), was an employee, servant, agent, representative, and Chief of Police of the

      Springboro Police Department, a department of the municipal corporation of Springboro, Ohio.

10. At all times relevant to the matters plead herein, Defendant, Nick Clark (hereinafter "Clark") was a duly appointed police officer with the Springboro Police Department. Defendant Clark is being sued individually and in his capacity as police officers for Springboro.

11. At all times relevant to the matters plead herein, "Spike" is a German Shepard police dog, canine unit, and/or K-9 that was owned by the City of Springboro / Springboro Police Department and utilized by Defendant Clark in the scope and course of his employment with Springboro as a law enforcement officer.

12. At all times relevant to the matters plead herein, the Defendants JANE OR JOHN DOES are those parties whose improper actions adversely affected the Plaintiff's, but who cannot be readily identified and whose names will be made known as their identities become known through discovery.

## FACTS IN RELATION TO PLAINTIFF SAMUEL CAMPBELL

13. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

14. In the late evening hours of October 21, 2007, neighbors living on North Street in Springboro, Ohio telephoned the Springboro Police Department concerning a possible domestic situation and/or burglary.

15. Springboro Police officers, including Defendant Clark, were dispatched to 145 N. Street, Springboro, Ohio where the Plaintiff's girlfriend, Lisa Parker, was sleeping on the couch in view of the officers.

16. Defendant Officers were not able to awake the Plaintiff's girlfriend to discuss any possible situation with her.

17. The Plaintiff had been inadvertently locked out of his house at 145 N. Street, Springboro, Ohio and had left the home prior to the arrival of the Springboro Police officers.

18. Springboro Officers then began a search of the neighborhood in an attempt to locate any person of possible interest.

19. Defendant Clark began searching the neighborhood with the aid and assistance of his K-9, "Spike", which is a German Shepard.

20. Defendant Clark, utilizing his K-9, located the Plaintiff lying next to a shed in the rear yard of a nearby home and deliberately ordered his police dog to attack and continue to attack the Plaintiff at a time when he did not pose any threat.

21. Pursuant to the orders of Defendant Clark, K-9 Spike bit the Plaintiff multiple times on his legs.

22. As a direct and proximate result of the aforesaid K-9 bites, the Plaintiff sustained severe and permanent injuries to his leg, as well as other parts of his body, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of his injuries he shall continue to suffer extreme pain and anguish into the future.

23. As a direct and proximate result of the aforesaid bites, the Plaintiff has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of his injuries he will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

24. As a direct and proximate result of the aforesaid bites, the Plaintiff has incurred lost wages and due to the severe and permanent nature of his injuries shall continue to incur lost wages into the future in an amount that cannot be determined.

25. As a direct and proximate result of the aforesaid bites, the Plaintiff has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions.

26. Plaintiff was taken to Kettering Medical Center at Sycamore where he received in excess of fifty (50) stitches to his legs.

27. Defendants knew or should have known that this K-9, Spike and Defendant Clark had a propensity to cause severe harm and on prior occasions have caused severe dog bite injuries far in excess of any that may be reasonably acceptable when utilizing a police canine.

28. On the night in question, the Defendants jointly and severally undertook to administer punishment and assaulted Plaintiff, contrary to his federal and state constitutional rights.

29. The Defendants, jointly and/or severally, acted maliciously, willfully, wantonly, and in reckless disregard and/or acting with deliberate indifference to Plaintiff' serious medical condition, his safety, life and constitutional rights.

30. As a direct and proximate result of the above described unlawful and malicious acts of the Defendants, jointly and/or severally, all committed under color of their authority while acting in capacity as City Employees, and in conformity with the policies or lack of policies of the City, Plaintiff suffered great bodily harm and emotional trauma, pain, injury and suffering, in violation of his rights provided by Ohio law.

31. As a direct and proximate result of the above described acts, Plaintiff was deprived of his rights and immunities secured to him under the laws of the State of Ohio, including but

4

not limited to his right to due process, against excessive force, to be secure in his person, to be free from cruel and unusual punishment without due process and equal protection of the law.

32. The failure of Defendants City of Springboro, City Manager, Police Chief, their agents, representative and/or employees, to implement appropriate policies and procedures, communicate lawful policies and procedures, training, education, and appropriate supervision in the use of police canines amounts to gross negligence and a deliberate indifference to the safety and citizens of Springboro, Ohio which gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff, providing or directly liability against the City, jointly and severally, for compensatory and punitive damages.

## FACTS IN RELATION TO PLAINTIFF CHELSIE GEMPERLINE

33. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

34. In the evening hours of October 11, 2008, Plaintiff Chelsie Gemperline was at a private residence with several friends located at 128 Deer Trail, in the City of Springboro, County of Warren, in the State of Ohio.

35. At that point in time, Plaintiff Gemperline was eighteen (18) years old. However, several of her friends located at the 128 Deer Trail residence were over twenty-one (21) years of age.

36. During the evening a neighbor telephoned the Springboro Police Department concerning a possible party at the 128 Deer Trail residence and both the Springboro Police Department and the Warren County Sheriff responded.

37. Both Springboro Officers, including Defendant Clark, and Warren County Deputies entered the residence where there were a number of individuals.

38. Springboro Officer Aaron Zimmaro subsequently arrested Plaintiff Gemperline for the relatively minor offenses of underage consumption of alcohol and disorderly conduct placing her in handcuffs.

39. Officer Zimmaro then exchanged custody of Plaintiff Gemperline over to Warren County Sheriff Deputy Jamie Apking who placed her in his patrol vehicle.

40. After placing Plaintiff Gemperline in the back of his patrol vehicle, Deputy Apking walked approximately fifty to sixty feet away from his vehicle for two minutes before he was informed by a suspect in another patrol vehicle that Plaintiff Gemperline had exited his vehicle.

41. Plaintiff Gemperline had left the patrol vehicle and proceeded down the street to 161 Deer Trial and had entered into a children's plastic playhouse.

5

42. Springboro Officer Clark then initiated a track of Plaintiff Gemperline utilizing his K-9 "Spike", which is a German Shepard.

43. Defendant Clark, utilizing his K-9, located Plaintiff Gemperline in the children's plastic playhouse and deliberately ordered his police dog to attack and continue to attack Plaintiff Gemperline in the small plastic playhouse at a time when she did not pose any threat.

44. Pursuant to the orders of Defendant Clark, K-9 Spike bit the Plaintiff multiple times on her legs and arm.

45. As a direct and proximate result of the aforesaid K-9 bites, Plaintiff Gemperline sustained severe and permanent injuries to her leg, as well as other parts of her body, has suffered extreme pain and anguish therefrom and due to the severe and permanent nature of her injuries she shall continue to suffer extreme pain and anguish into the future.

46. As a direct and proximate result of the aforesaid bites, Plaintiff Gemperline has incurred medical expenses in an amount not yet determined and due to the severe and permanent nature of her injuries she will continue to incur medical expenses into the future in an amount that cannot be determined at this time.

47. As a direct and proximate result of the aforesaid bites, Plaintiff Gemperline has incurred lost wages and due to the severe and permanent nature of her injuries shall continue to incur lost wages into the future in an amount that cannot be determined at this time.

48. As a direct and proximate result of the aforesaid bites, Plaintiff Gemperline has suffered great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions and loss of enjoyment of life and will suffer further pain and suffering and loss of ability to perform usual functions in the future.

49. Plaintiff Gemperline was initially taken to Sycamore Hospital and then transferred to Kettering Medical Center where she remained for approximately six (6) days due to the severity of her injuries.

50. Defendants knew or should have known that K-9 "Spike" and Defendant Clark had a propensity to cause severe harm and on prior occasions have caused severe dog bite injuries far in excess of any that may be reasonably acceptable when utilizing a police canine.

51. On the night in question, the Defendants jointly and severally undertook to administer punishment and assaulted Plaintiff Gemperline, contrary to her federal and state constitutional rights.

52. The Defendants, jointly and/or severally, acted maliciously, willfully, wantonly, and in reckless disregard and/or acting with deliberate indifference to Plaintiff' serious medical condition, her safety, life and constitutional rights.

53. As a direct and proximate result of the above described unlawful and malicious acts of the Defendants, jointly and/or severally, all committed under color of their authority while acting in capacity as City Employees, and in conformity with the policies or lack of policies of the City, Plaintiff suffered great bodily harm and emotional trauma, pain, injury and suffering, in violation of her rights provided by Ohio law.

54. As a direct and proximate result of the above described acts, Plaintiff was deprived of her rights and immunities secured to her under the laws of the State of Ohio, including but not limited to her right to due process, against excessive force, to be secure in her person, to be free from cruel and unusual punishment without due process and equal protection of the law.

55. The failure of Defendants City of Springboro, City Manager, Police Chief, their agents, representative and/or employees, to implement appropriate policies and procedures, communicate lawful policies and procedures, training, education, and appropriate supervision in the use of police canines amounts to gross negligence and a deliberate indifference to the safety and citizens of Springboro, Ohio which gross negligence was a proximate cause of the injuries and damages suffered by Plaintiff, providing or directly liability against the City, jointly and severally, for compensatory and punitive damages.

## FIRST CAUSE OF ACTION
**(Unnecessary, Excessive Use of Force/Cruel and Unusual Punishment, Violation of Civil Rights under 42 U.S.C. §1983)**

56. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

57. The acts of the Defendant(s) in restraining Plaintiffs and ordering the K-9 to attack and/or hold, constituted an excessive use of force, an unreasonable seizure and deprived Plaintiffs of their right to be free from an unlawful seizure and their right to life/liberty as guaranteed by Ohio Constitution, Federal Constitution, Federal law and Ohio law.

58. In the alternative, the Defendants' alleged statement of facts is untrue, in whole or in part, and constitutes a pretextual misrepresentation of unnecessary use of force and cover-up.

59. The acts of ordering and/or allowing the K-9 to attack and continue to attack the Plaintiffs all constitute excessive force.

60. These acts and/or omissions by the Defendant(s) proximately caused the Plaintiffs to suffer the physical and psychological injuries plead herein.

7

61. The acts and/or omissions of the Defendants as plead herein were legally malicious and proximately resulted in the severe injury of Plaintiffs.

62. Plaintiffs are entitled to recovery for Defendants' violations of Samuel A. Campbells' and Chelsie Gemperlines' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
### (Failure to Protect – Violation of Civil Rights under 42 U.S.C. §1983)

63. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

64. Defendant Clark initiated the circumstances which created the danger to Plaintiffs by releasing his K-9 and ordering it to attack the Plaintiffs, knowing that such acts created a likelihood of death or great bodily harm.

65. From the time the Plaintiffs were first contacted by the K-9 / Officer Nick Clark and were restrained and/or made helpless as a result of the Defendants acts/orders he was in the direct and immediate control of the Defendant(s).

66. The actions of the Defendant(s), as set forth herein, created a special relationship between the Defendant(s) and Plaintiffs and created a duty to exercise reasonable care in protecting them from further attack by the K-9. This included, but was not limited to the duty to order the K-9 to release the Plaintiffs and/or remove the K-9 from Plaintiffs' legs/arms and otherwise remove the Plaintiffs from the dangerous and potentially deadly position they placed him in.

67. The Defendant(s) actions and/or inactions toward Plaintiffs after utilizing the K-9 and by failing to provide them any relief from the dangerous and/or deadly position in which they placed them, negligently, and/or willfully, wantonly and/or in reckless disregard, breached their duty to provide reasonable care to Plaintiffs and resulted in the injuries and damages to Plaintiffs as pled herein.

68. The acts of the Defendants in failing to protect Plaintiffs from the K-9, which included but is not limited to those matters set forth herein, created a substantial risk of death or great bodily harm and deprived Plaintiffs of the right to be free from illegal seizure and their right to life/liberty in violation of the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

69. Defendant(s) failure to exercise ordinary care to protect Plaintiffs violated Plaintiff's rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

70. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiffs as plead herein.

71. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
**(Failure to Provide Proper Training and Supervision - Violation of Civil Rights under 42 U.S.C. § 1983)**

72. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

73. The failure of Defendants to adequately train the City's canine unit / Officer Nick Clark in constitutional use of canine force and to adequately supervise performance of members of the canine unit to ensure both misbehaving dogs and officers and officers exhibiting bad judgment created a strong likelihood of death and/or great bodily harm and constituted a failure to fulfill their duty to provide a properly trained K-9 unit. This failure to provide a properly trained K-9 unit deprived the Plaintiffs of their right to be free from unlawful seizure, excessive force, and their right to life/liberty as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio Law.

74. Defendants knew or should have known that Defendant Clark and/or his K-9 "Spike", resorted to canine force more frequently than similar units than in other cities, that the canine unit had high ratios of bites to apprehensions and that excessive canine force was used against individuals suspected of relatively minor offenses. Said misuse and excessive use of force of the K-9 was or should have been obvious to City officials who deliberately chose not to take corrective action.

75. The Defendants were at all times, deliberately indifferent to the rights and safety of the Plaintiffs and others in the community.

76. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiffs as plead herein.

77. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

### FOURTH CAUSE OF ACTION
**(Failure to Provide Proper Warning - Violation of Civil Rights under 42 U.S.C. § 1983)**

78. Plaintiff incorporates the previous paragraphs of this Amended Complaint as if fully rewritten herein.

79. It is unconstitutional to use a police K-9 to bite and hold a suspect without giving prior warning.

80. The Defendants failed to properly warn of the use of a K-9 prior to its deployment which created a strong likelihood of death and/or great bodily harm to the Plaintiff. This failure to properly warn the Plaintiffs of the use of a K-9 unit deprived the Plaintiffs of their right to be free from unlawful seizure, excessive force, and their right to life/liberty as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio Law.

81. Defendants knew or should have known that Defendant Clark and/or his K-9 "Spike" could not be deployed to bite and hold a suspect without giving prior warning.

82. The Defendants were at all times, deliberately indifferent to the rights and safety of the Plaintiff by failing to warn him of the dangers of the use of a K-9.

83. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiff as plead herein.

84. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## FIFTH CAUSE OF ACTION
### (Failure to Intervene – Violation of Civil Rights under 42 U.S.C. §1983)

85. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

86. The Defendant(s) failed and/or refused to intervene to protect the Plaintiffs, whose constitutional rights were being violated, when the K-9 "Spike"/ Nick Clark attacked Plaintiff's person. This failure to intervene and pull the K-9 off of the Plaintiffs created a substantial risk of death or great bodily harm and deprived Plaintiffs of their right to be free from illegal seizure and their right to life/liberty in violation of the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

87. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiffs as plead herein.

88. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION
### (Personal Injury)

89. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

90. As a direct and proximate result of the joint and/or several wrongful acts and omissions of the Defendants, as plead herein, the Plaintiffs were caused to suffer

    a. severe and permanent injuries;
    b. the injuries sustained by the Plaintiffs have caused them great pain and suffering, both physically and emotionally, as well as the loss of ability to perform usual functions;
    c. the injuries sustained by the Plaintiffs have caused them to suffer medical expenses in an amount yet to be determined;
    d. the injuries sustained by Plaintiffs caused them to incur lost wages in an amount yet to be determined and a permanent loss of earning capacity.

91. The acts and/or omissions of these Defendants proximately resulted in the injuries and the damages to Plaintiffs as plead herein.

### SEVENTH CAUSE OF ACTION
### (Policy, Practice, and Custom Claims Against the Defendants - Violation of Civil Rights under 42 U.S.C. §1983)

92. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

93. The actions of the Defendant(s), as alleged above, were done pursuant to one or more de facto policies, practices and/or customs of the City of Springboro, Ohio and/or the Springboro Police Department.

94. On or before October 21, 2007 and/or October 11, 2008 the Defendant Springboro and its Police Department had interrelated de facto policies, practices and customs which included, inter alia, (a) the failure to properly train, supervise, discipline, transfer, counsel and otherwise control police officers engaged in the excessive use of force and other police abuse, particularly in cases were the officers are required to handle a K-9 to search for and/or apprehend persons.

95. In particular, police officers were not properly trained on how to use a K-9 and/or the K-9 itself was not properly trained to search for, bite and/or hold a suspect.

96. The lack of adequate policies, personnel, failure to train, and failure to supervise was called to the attention of all Defendants in prior meetings and reports. Defendants and/or dog trainers and/or K-9 unit evaluators had particularly stated a need for further training of the K-9 "Spike" due to his propensity to aggressively attack and bite.

97. As a direct and proximate result of these policies, Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, were violated and Defendants are liable for his injuries and damages.

98. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## EIGHTH CAUSE OF ACTION
### (Assault and Battery)

99. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

100. Defendant Clark and/or K-9 "Spike" committed multiple acts of assault and battery against the Plaintiffs.

101. Defendants acted with substantial certainty and intent that their acts would bring about a harmful or offensive contact with the Plaintiffs by and through, included but not limited to, aggressive use of a K-9 unit.

102. Defendants did in fact commit a harmful and offensive contact against the Plaintiffs which included but is not limited to multiple serious dog bites.

103. As a direct and proximate result of the assault and battery Plaintiffs have been damaged.

## NINTH CAUSE OF ACTION
**(Failure to Adequately Train and Supervise Its Police Officers, Violation of Civil Rights under 42 U.S.C. §1983)**

104. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

105. Springboro has a duty and responsibility to adequately train and supervise its police force, including the individual Defendants named in this action.

106. On and before October 21, 2007 and/or October 11, 2008, the Defendant City and its Police Department failed to: a) adequately and/or properly train its officers with respect to the constitutional limitations placed upon the use of force, including but not limited to canine force; b) adequately and/or properly train its officers with respect to the safe and proper way to restrain an individual without causing them great bodily harm and death; c) adequately and/or properly train its officers with respect to the search of an area utilizing a K-9 unit d) adequately and/or properly train its officers with respect to assessing a scene prior to restraining an individual who may be suffering from a medical condition and/or intoxication; e) adequately and/or properly train its officers with respect to a situation where an individual is unable to respond to, or follow, their verbal commands; f) adequately and/or properly train its officers with respect to the safety of individual that is lying on the ground; h) adequately and/or properly train its K-9 dogs with respect to search, bite and hold of an individual; g) adequately and/or properly train its officers and/or canines with respect to a misbehaving dogs; h) adequately and/or properly train its

12

officers with the respect to supervision; i) adequately and/or properly communicate policies and procedures to all its officers; j) adequately and/or properly certify Officer Nick Clark and/or K-9 "Spike" in accordance with O.A.C. § 109:2-7-01 et seq.

107. Springboro's policy makers were deliberately indifferent to the training policy it employed and its deficiencies.

108. As a direct and proximate result of these training policies and deficiencies, Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, were violated, resulting in the bodily harm and the damages to Plaintiffs as plead herein.

109. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## TENTH CAUSE OF ACTION
**(Assault and Battery, Violation of Civil Rights under 42 U.S.C. §1983)**

110. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

111. The actions of Defendant(s) were done willfully and wantonly and/or in reckless disregard for Plaintiffs safety and life, without Plaintiffs' consent, and consisted of assaults and batteries, as well as torture and directly and proximately caused Plaintiff's injuries and the damages to Plaintiff as plead herein.

112. Defendant Clarks' actions in assaulting and battering Plaintiffs with the aid/utilization of a K-9 violated Plaintiffs' rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

113. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## ELEVENTH CAUSE OF ACTION
**(Willful and Wanton-No Statutory Immunity, Violation of Civil Rights under 42 U.S.C. §1983)**

114. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

115. The actions of the Defendants, jointly and/or severally, toward Plaintiffs as set forth herein and specifically in restraining them with aid of a K-9 unit, assaulting and battering them with aid of a K-9, not removing the K-9 unit from their person while knowing they were at risk of death or great bodily injury constituted willful and wanton conduct under

the laws of the United State and/or State of Ohio and proximately caused the Plaintiffs injuries and damages as plead herein.

116. The actions of the Defendants, jointly and/or severally, toward Plaintiff as set forth herein and specifically in restraining Plaintiffs with aid of a K-9, assaulting and battering Plaintiffs with aid of a K-9, not removing the K-9 from their person while knowing they were at risk of death or great bodily injury constituted violations of Plaintiffs' rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law.

117. Plaintiffs are entitled to recovery for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## TWELTH CAUSE OF ACTION
### (Claim for Respondeat Superior/Failure to Investigate Against City of Springboro, Violation of Civil Rights under 42 U.S.C. §1983)

118. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

119. Defendant Officer Clark and K-9 "Spike" acted to deprive Plaintiffs of their rights as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, as pled herein.

120. The aforesaid acts and state law violations of Defendant Clark and K-9 "Spike", as set forth above, were performed within the scope of their employment for the City of Springboro, Ohio and the City of Springboro is therefore liable as principal for the actions of its agents, under the doctrine of respondeat superior and/or adoption, ratification, and under their own policies and/or lack of policies as required by law.

121. Plaintiffs are entitled to recovery from the City of Springboro, Ohio for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

## THIRTEENTH CAUSE OF ACTION
### (Malicious Prosecution / Abuse of Process – Plaintiff Samuel Campbell Only)

122. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

123. Defendants attempted to prosecute Plaintiff Campbell for violations of O.R.C. § 29111.12 and O.R.C. § 2909.05.

124. Defendants Clark and Kruithoff had criminal charges pursed against Plaintiff Campbell despite having knowledge that he had not committed any criminal offense.

14

125. Defendants Clark and Kruithoff set in motion legal proceedings in proper form and without probable cause.

126. Defendants acted without probable cause to believe that Plaintiff Campbell had committed any crime.

127. The legal processes and proceedings against Plaintiff Campbell were perverted in an attempt to accomplish an ulterior purpose contrary to the law and interests of justice.

128. The legal process and proceedings against Plaintiff Campbell were set in motion, in part, to try and unlawfully justify the K-9 use of force utilized against Plaintiff Campbell.

129. Defendants Clark and Kruithoff acted with malice in instituting and continuing the prosecution for violations of O.R.C. § 29111.12 and O.R.C. § 2909.05 against Plaintiff Campbell.

130. Plaintiff Campbell was subsequently deprived of his liberty and freedom without probable cause, due process of law, and to be free from prosecution for criminal offenses without reasonable suspicion or probable cause.

131. All charges against Plaintiff Campbell were terminated in favor of the Plaintiff.

132. As a direct and proximate result of Defendants malicious prosecution and/or abuse of process Plaintiff Campbell has been damaged.

## FOURTEENTH CAUSE OF ACTION
(Liability Under R.C. 2744 et seq. and R.C. 2307.60; R.C. 2903.13 [Assault and Battery]; R.C. 2921.45 [Interfering with Civil Rights])

133. Plaintiffs incorporate the previous paragraphs of this Second Amended Complaint as if fully rewritten herein.

134. Defendant City of Springboro was the employer of Defendants Thompson, Kruithoff and Clark.

135. Defendants Thompson, Kruithoff and Clark committed the acts alleged above under the color of law and the scope of their employment with Springboro under the color of state law by all Defendants.

136. The Defendants, jointly and severally, failed to investigate, correct, punish, prosecute, or otherwise perform their duties, including development and implementing adequate policies to prevent harm to citizens by a K-9 unit.

137. Plaintiffs are entitled to recovery from the City of Springboro, Ohio for Defendants' violations of Plaintiffs' rights, as guaranteed by the U.S. Constitution, Ohio Constitution, Federal Law and Ohio law, pursuant to 42 U.S.C. §1983.

15

## STATEMENT OF INCORPORATION

138. All facts in all causes of action are reincorporated in all other causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

A. Plaintiffs demand compensatory damages in an amount to exceed $25,000.00;

B. Plaintiffs demand punitive damages in an amount to exceed $25,000.00;

C. Plaintiffs demand prejudgment and post judgment interest at the statutory rate;

D. Plaintiffs demand their costs of their action to include reasonable attorney fees;

E. Plaintiffs demand such other and further relief to which they may be entitled at equity or law; and

F. Plaintiffs demand that appropriate injunctive, declaratory, and mandamus relief be granted by the Court to require the Defendants to perform their duties in a lawful manner so as to prevent any future harm as was inflicted upon Plaintiffs, from occurring to other citizens in the future, as such injury is substantially certain to occur without said additional extraordinary relief.

Respectfully submitted,

s/Douglas D. Brannon
Dwight D. Brannon (0021657)
Douglas D. Brannon( 0076603)
BRANNON & ASSOCIATES
130 W. Second St.    Suite 900
Dayton, OH  45402
Telephone:    (937) 228-2306
Facsimile:    (937) 228-8475
E-Mail:       dbrannon@branlaw.com

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all issues presented herein.

                                                           s/Douglas D. Brannon
                                                           Dwight D. Brannon
                                                           Douglas D. Brannon